IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH WILLIAMS,

          Plaintiff,

  v.

M. MARTEL, et al.,

          Defendants.

_____/

No. C 11-05558 SBA (PR)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT; DENYING HIS MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR COPY OF CIVIL LOCAL RULES; AND DIRECTING HIM TO SUBMIT REQUEST TO PRISON LAW LIBRARY**

Before the Court are Plaintiff's motion for leave to amend his complaint, his motion for appointment of counsel, and his request for a copy of the Civil Local Rules.

**I.     Motion for Leave to Amend Complaint**

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served.  See Fed. R. Civ. P. 15(a).  Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court.  Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981).  Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires.  Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

The Court notes that the defendants in this action have not been served at this time.  Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served.  See Fed. R. Civ. P. 15(a).  Accordingly, Plaintiff's motion for leave to amend his complaint (docket no. 12) is GRANTED.  The Court will review Plaintiff's Amended Complaint in a separate written order.

**II.    Motion for Appointment of Counsel and Request for a Copy of Civil Local Rules**

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998)

1    (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only

2    in "exceptional circumstances," the determination of which requires an evaluation of both (1) the

3    likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims <u>pro se</u>

4    in light of the complexity of the legal issues involved.  <u>See id.</u> at 1525; <u>Terrell v. Brewer</u>, 935 F.2d

5    1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of

6    these factors must be viewed together before reaching a decision on a request for counsel under

7    § 1915.  <u>See id.</u>

8        The Court is unable to assess at this time whether exceptional circumstances exist which

9    would warrant seeking volunteer counsel to accept a <u>pro bono</u> appointment.  The proceedings are at

10   an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the

11   merits.  Moreover, Plaintiff has been able to articulate his claims adequately <u>pro se</u> in light of the

12   complexity of the issues involved.  <u>See</u> <u>Agyeman v. Corrs. Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th

13   Cir. 2004).  Accordingly, the request for appointment of counsel (docket no. 6) is DENIED without

14   prejudice.  This does not mean, however, that the Court will not consider appointment of counsel at

15   a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion such

16   that the Court will be in a better position to consider the procedural and substantive matters at issue.

17   Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants'

18   dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at

19   that time, it will seek volunteer counsel to agree to represent Plaintiff <u>pro bono</u>.

20       Plaintiff also asks the Court to direct the Clerk of the Court to supply him with a copy of the

21   Court's Civil Local Rules.  This request (docket no. 5) is denied.  Plaintiff must access these rules

22   through the law library of the prison at which he is incarcerated.  If, as Plaintiff states, the copy of

23   the rules at this law library are incomplete and outdated, he should lodge a request with the library

24   administrators to acquire an updated and complete copy.

25       This Order terminates Docket nos. 5, 6 and 12.

26       IT IS SO ORDERED.

27   DATED:      5/4/12
                                              SAUNDRA BROWN ARMSTRONG
28                                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH WILLIAMS,

        Plaintiff,

  v.

M MARTEL et al,

        Defendant.

——————————————————/

Case Number: CV11-05558 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Williams G-41217
California State Prison - DVI Prison
P.O. Box 600
Tracy, CA 95378-0600

Dated: May 7, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk