IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>M. MARTEL, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-5558 SBA (PR)<br><br>**ORDER OF SERVICE; AND DIRECTING FURTHER BRIEFING ON PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION** |

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at Deuel Vocational Institution (DVI),[1] has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his safety needs. His motion for leave to proceed in forma pauperis has been granted in a separate written Order. Before the Court is Plaintiff's amended complaint (docket no. 9), which will be reviewed below.

Venue is proper because the events giving rise to the claim are alleged to have occurred at San Quentin State Prison (SQSP), which is located in this judicial district. See 28 U.S.C. § 1391(b).

In the amended complaint, Plaintiff names the following Defendants: SQSP Acting Wardens M. Martel and W. A. Rodriguez; SQSP Chief Deputy Warden J. Robertson; SQSP Facility Captain T. Boerum; SQSP Appeals Coordinator C. Macdonald; SQSP Correctional Lieutenant J. Puu; SQSP Correctional Sergeants E. Garcia, B. Haub,[2] and J. Stokley; SQSP Correctional Officer Farnsworth; and Appeals Examiner R. Briggs. Plaintiff alleges that he has exhausted all available administrative remedies with respect to his claims. Plaintiff seeks monetary damages. Plaintiff also seeks a preliminary injunction or a temporary restraining order (TRO) to prevent prison officials at DVI

---

[1] Plaintiff refers to DVI, which is located in Tracy, California, as "Tracy State Prison."

[2] On January 23, 2012, Plaintiff filed a motion for leave to amend his amended complaint to name Defendant B. Haub, instead of Defendant "Beuab," which is the name listed in the amended complaint. The Court has granted this motion is a separate written Order.

from transferring Plaintiff to an institution where he will be assaulted by Northern Rydar gang members.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claims

The Court notes that Plaintiff's handwritten amended complaint is seventeen pages long, which includes a completed civil rights complaint form and his handwritten attachment to the form. He has also attached over forty pages of exhibits. Plaintiff's voluminous pleading mainly alleges a violation of the Eighth Amendment based on Defendants' deliberate indifference to his safety needs, stemming from an incident on March 11, 2011 during which he was "seriously attacked by Northern Ryder gang members because Defendants Stokley and Farnsworth were not at their assigned posts." (Am. Compl. at 5.) When Defendants Stokley and Farnsworth returned, they found Plaintiff "laying on the tier in a pool of his own blood." (Id.) Defendants Stokley and Farnsworth contacted their supervisor, Defendant Garcia, and told him what they had found. (Id.) Plaintiff was then rushed to the emergency room. (Id.) Plaintiff suffered serious injuries as a result of the attack, including a fractured leg. (Id.) Plaintiff claims that when he first arrived at SQSP, he informed Defendant Puu that he "needed to be placed in ad-seg for his own safety from a prison gang named Northern Rydars due to severe enemy concerns." (Id. at 4.) Plaintiff claims that Defendant Puu ignored his requests

and that he was "put in the Badger section on the 4th tier in special program in the exact place where [he] told Defendant J. Puu that he had enemy and safety concerns. (Id.) Thereafter, Plaintiff filed a 602 inmate appeal and "raised the issue that Defendant J. Puu failed to honor Plaintiff[']s request for protective custody in ad-seg." (Id. at 6.) His appeal was denied at all levels of review. Plaintiff also filed a citizen's complaint against Defendants Stokley and Farnsworth "for not being at their assigned posts when Plaintiff was seriously attacked." (Id.)

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. A prisoner need not wait until harm has occurred to state a claim and obtain relief. Id. at 845. If the court finds the Eighth Amendment's objective and subjective requirements satisfied, it may grant appropriate relief. Id. at 845-46; Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

A prisoner may state a claim under the Eighth Amendment against prison officials only where the officials acted with deliberate indifference to the prisoner's safety needs. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See Farmer, 511 U.S. at 842. A prison official need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault." See Berg, 794 F.2d at 459.

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which

3

he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Leer, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). An administrator may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). "'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Evidence of a prisoner's letter to an administrator alerting him to a constitutional violation is sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if he denies knowledge and there is no evidence the letter was received. Jett, 439 F.3d at 1098. Evidence that a prison supervisor was personally involved in an unconstitutional transfer and denied all appeals of the transfer, for example, may suffice. Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); see also Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

Read liberally, the allegations in Plaintiff's amended complaint state a cognizable claim of

deliberate indifference to his safety needs against Defendants Puu, Stokley, Farnsworth, and Garcia. Plaintiff also states claims against those Defendants who reviewed Plaintiff's 602 appeal and citizen's complaint, but did not remedy the constitutional violation. These are Defendants Macdonald, Martel, Briggs, Haub, Boerum, Rodriguez and Robertson. Therefore, this claim may proceed against the aforementioned Defendants.

### III.     Request for a Preliminary Injunction/TRO

Plaintiff has filed a request for a preliminary injunction. Specifically, he seeks a temporary restraining order against DVI prison officials, preventing them "from transferring [him] to an institution where [he] once again will be assaulted by Northern Rydar gang members." (Dec. 9, 2011 Mot. for TRO at 3.)

Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for a preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

The decision of whether to grant or deny a motion for preliminary injunction is a matter of the district court's discretion. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The standard for assessing a motion for preliminary injunction is set forth in Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008). "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

Immediate injunctive relief, such as a temporary restraining order, may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b). Although Plaintiff swears under penalty of perjury that the

information contained in his amended complaint is true and correct, and thus the amended complaint may be deemed an affidavit, and although the pleadings describe Plaintiff's circumstances with a fair amount of specificity, it does not clearly appear from the pleadings that Plaintiff will suffer immediate injury before Defendants can be given an opportunity to respond.

In light of these circumstances, the Court orders service of the pleadings, as indicated below; and directs Defendants to respond to Plaintiff's request for a preliminary injunction pursuant to the briefing schedule outlined below.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to his safety needs against Defendants Puu, Stokley, Farnsworth, Garcia, Macdonald, Martel, Briggs, Haub, Boerum, Rodriguez and Robertson.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto as well as the motion for leave to amend the amended complaint (docket nos. 9, 12) and a copy of this Order to: **SQSP Acting Wardens M. Martel and W. A. Rodriguez; SQSP Chief Deputy Warden J. Robertson; SQSP Facility Captain T. Boerum; SQSP Appeals Coordinator C. Macdonald; SQSP Correctional Lieutenant J. Puu; SQSP Correctional Sergeants E. Garcia, B. Haub, and J. Stokley; SQSP Correctional Officer Farnsworth; and Appeals Examiner R. Briggs.** The Clerk of the Court shall also mail a copy of the amended complaint and the motion for leave to amend the amended complaint (docket nos. 9, 12) and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.

6

If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

   4. Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your

> complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his amended complaint.

       c.     If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

       d.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.     The Court concludes that Plaintiff's request for a preliminary injunction should not be granted without affording Defendants notice and an opportunity to be heard.  Accordingly, Defendants are hereby ORDERED to respond to Plaintiff's request for a preliminary injunction when they file their Answer to the amended complaint.  In order to expedite the resolution of this case, the Court orders as follows:

       a.     On the same date their Answer is due, Defendants shall respond to Plaintiff's request for a preliminary injunction.  The response to the request for a preliminary injunction shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff.  Defendants are specifically directed to inform the Court of any plans to provide Plaintiff with

8

1 protection from being housed at an institution where he could be assaulted by Northern Rydar gang
2 members.

3       b. Plaintiff may file a reply within **thirty (30) days** of the date Defendants'
4 response is filed.  Plaintiff's reply should be supported by factual documentation and should
5 demonstrate why Plaintiff satisfies the standard for assessing a request for a preliminary injunction,
6 which is set forth in Winter, and has been outlined above.

7     6. Discovery may be taken in this action in accordance with the Federal Rules of Civil
8 Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose
9 Plaintiff and any other necessary witnesses confined in prison.

10     7. All communications by Plaintiff with the Court must be served on Defendants, or
11 Defendants' counsel once counsel has been designated, by mailing a true copy of the document to
12 Defendants or Defendants' counsel.

13     8. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
14 informed of any change of address and must comply with the Court's orders in a timely fashion.
15 Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal
16 Rule of Civil Procedure 41(b).

17     9. Extensions of time are not favored, though reasonable extensions will be granted.
18 Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the
19 deadline sought to be extended.

20 DATED:   6/20/12

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH WILLIAMS,

        Plaintiff,

v.

M MARTEL et al,

        Defendant.

Case Number: CV11-05558 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Williams G-41217
California State Prison - DVI Prison
P.O. Box 600
Tracy, CA 95378-0600

Dated: June 21, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Williams5558.service.wpd         10

**United States District Court**
For the Northern District of California